**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| vs. | : CIVIL ACTION NO. 08-0267-WS-C |
| **JUAN PEREZ-OLIVEROS,** | : CRIMINAL NO. 05-0017-WS |
| **Respondent.** | : |

**REPORT AND RECOMMENDATION**

This action was referred by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on petitioner Juan Perez-Oliveros' Motion for Certificate of Appealability (Doc. 227). Based upon a thorough review of this motion and all other pertinent pleadings in this case, it is recommended that petitioner's request for a certificate of appealability ("COA") be denied.

**I. Factual Background/Procedural History**

On January 27, 2005, a grand jury sitting in the Southern

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."). The Clerk is therefore directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

District of Alabama issued a five-count indictment charging defendant/petitioner, Juan Perez-Oliveros ("Perez"), and a co-defendant with certain controlled substance offenses. Including among these charges was the conspiracy to possess with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 846; and an analogous substantive charge of possession with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). A jury then found Perez guilty of both counts on January 24, 2006.

Two days after the trial, Perez (through his attorney) filed a Motion for New Trial (Doc. 160), alleging discovery violations and prosecutorial misconduct. This Court denied that motion, and on April 24, 2006, the Court sentenced Perez to a term of 360 months imprisonment on both convictions, to run concurrently. (Doc. 189.) Perez appealed his conviction and sentence to the Eleventh Circuit Court of Appeals, asserting that: (1) the district court improperly denied his Motion for New Trial based on the nondisclosure of a statement Perez made to the arresting agent before trial; (2) the district court improperly refused to admit Perez's *entire* wallet into

evidence; (3) the Government engaged in improper vouching at trial; (4) the district court improperly refused to grant him a mitigating role adjustment at sentencing pursuant to § 3B1.2; and (5) the district court improperly enhanced his sentence for importation of methamphetamine pursuant to § 2D1.1(b)(4).

The Eleventh Circuit rejected Perez's arguments in *United States v. Perez-Oliveros*, 479 F.3d 779, 782-84 (11th Cir. 2007). The United States Supreme Court denied Perez's *certiorari* petition on June 11, 2007 in *Perez-Oliveros v. United States*, 127 S.Ct. 2964 (2007). On May 20, 2008, the Clerk of Court received Perez's § 2255 petition, in which Perez this time alleged ineffective assistance of counsel, prosecutorial misconduct, and various errors by the trial court. This Court denied Perez's § 2255 petition on October 23, 2008, rejecting his claim of ineffective assistance of counsel, finding that he had procedurally defaulted on his claim of prosecutorial misconduct by not raising it on direct appeal, and finding that Perez had already tried unsuccessfully to litigate the remaining claims of error, and that therefore their re-litigation was barred. On December 15, 2008, Perez appealed (Doc. 226) and concurrent with the filing of his

Notice of Appeal he filed his Motion for Certificate of Appealability (Doc. 227).

**II.  Discussion**

Perez's motion for COA is governed initially by 28 U.S.C. § 2253(c)(1)(A), which provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" As recognized by the Eleventh Circuit in *Gonzalez v. Secretary for the Dep't of Corrections*, 366 F.3d 1253, 1264 (2004), "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition has been denied based upon the merits of the underlying constitutional claims, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district

4

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also id.* at 483-484 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.").

In his three-page Motion, Perez sets forth his reasoning for why reasonable jurists in the following statement:

> 5.   A certificate of appealability is proper on the above issue presented because, as petitioner is a layman of the law, is proceeding on his own in propria persona (pro-se), on violation of petitioner's constitutional rights, law and treatises of the Unite[d] States, and his inherent power or privilege to freely act; petitioner's inherent privilege or interest which is recognized and protected by the principles, requirements and, [sic] usage of the power of law.

(Doc. 227, p. 3.)

Viewing the motion for COA through the prism of the standards outlined in § 2253(c)(2) and *Slack* for issuance of a COA, the undersigned finds that reasonable jurists could not debate whether Perez's § 2255 petition should

5

have been resolved differently.  Accordingly, it is recommended that

Petitioner's Motion for Certificate of Appealability (Doc. 227) be

**DENIED**.

      **DONE** this 18th day of December, 2008.

                                  s/WILLIAM E. CASSADY
                                  UNITED STATES MAGISTRATE JUDGE